UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DANIEL T. MAZZOLI and EMMA J.
MAZZOLI,

        Plaintiff,

    v.

MARINA DISTRICT DEVELOPMENT
COMPANY, LLC, d/b/a BORGATA
HOTEL CASINO & SPA, YATES-
TISHMAN, REGIONAL SCAFFOLDING
& HOISTING CO., INC., and
COMMERCE RISK CONTROL SERVICES

        Defendants;

MARINA DISTRICT DEVELOPMENT
COMPANY, LLC, d/b/a BORGATA
HOTEL CASINO & SPA, YATES-
TISHMAN,

        Third-Party
        Plaintiffs,

    v.

SELECTIVE INSURANCE COMPANY OF
AMERICA, and APG
INTERNATIONAL, INC.,

        Third-Party
        Defendants;

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 08-649
(JEI/KM)

**OPINION**

```
SELECTIVE INSURANCE COMPANY OF
AMERICA,

          Fourth-Party
          Plaintiff,

     v.

LIBERTY INTERNATIONAL
UNDERWRITERS, INC., LIBERTY
MUTUAL INSURANCE COMPANY,
TRAVELERS PROPERTY CASUALTY
INSURANCE COMPANY, and ADMIRAL
INSURANCE COMPANY

          Fourth-Part
          Defendants.
```

**APPEARANCES:**

SALTZ, MOGELUZZI, BARRETT & BENDESKY, PC
By:  Andrew R. Duffy and Robert J. Mongeluzzi
One Liberty Place
34th Floor
1650 Market Street
Philadelphia, PA 19103
          Counsel for Plaintiffs

NAULTY, SCARICAMAZZA & MCDEVITT, LLC
By:  Francis T. McDevitt
Greentree Commons
9003-A Lincoln Drive West
Marlton, NJ 08053
          Counsel for Yates-Tishman

COOPER, LEVENSON, APRIL, NIEDELMAN & WAGENHEIM, PA
By:  Victor P. Wasilauskas
1125 Atlantic Avenue
Atlantic City, NJ 08401
          Counsel for Marina District Development Company, LLC

WHITE & WILLIAMS, LLP
By:  Nancy L. Siegel
Liberty View
457 Haddonfield Road
Suite 400
Cherry Hill, NJ 08002
          Counsel for Commerce Risk Control Services

DEASEY, MAHONEY, VALENTINI & NORTH LTD
By:  Ward Andrew Rivers
80 Tanner Street
Haddonfield, NJ 08033
          Counsel for Admiral Insurance Company

HILL WALLACK
By:  Gerard H. Hanson and Todd Jason Leon
202 Carnegie Center
Princeton, NJ 08543
          Counsel for Selective Insurance Company of America

ROMADNO, TUCKER, ZIRULNIK & SHERLOCK
By:  Arthur E. Donnelly
701 Route 73 South
Suite 120
Marlton, NJ 08053
          Counsel for APG International, Inc.

RIVKLIN RADLER LLP
By:  Anita Susan Cohen
21 Main Street
Suite 158
Court Plaza South - West Wing
Hackensack, NJ 07601
          Counsel for Liberty International Underwriters, Inc.

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
By:  William C. Foster
1845 Walnut Street
Philadelphia, PA 19103
          Counsel for Liberty Mutual Insurance Company

Borowsky & Borowsky LLC
By:  Erin Marie McDevitt-Frantz
59 Avenue At The Common
Suite 102 & 102
Shrewsbury, NJ 07702
        Counsel for Travelers Property Casualty Insurance

**IRENAS,** Senior District Judge:

This matter comes before the Court on the cross-motions for summary judgement of Third-Party Defendant/Fourth-Party Plaintiff Selective Insurance Company of America ("Selective") and Fourth-Party Defendant Liberty International Underwriters, Inc. ("LIU"). For the reasons set forth below, Selective's Motion will be denied in full and LIU's Motion will be granted in part and denied in part.[1]

## I.

Although the procedural history of this case is quite complex, the underlying dispute is exceedingly common.  LIU has discontinued its defense and indemnification of Defendant/Third-Party Plaintiff Yates-Tishman, and Selective seeks a declaration that LIU must return to that defense and indemnification.

The underlying action stems from a construction-related accident that occurred on December 20, 2007, involving Plaintiff Daniel T. Mazzoli.  (Motion for Summary Judgment as to Liberty International Underwriters, Inc. (Selective's Mot.) p. 4) Mazzoli

---

[1]  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

was a glazier employed by Third-Party Defendant APG International, Inc. ("APG"), and allegedly fell while attempting to install exterior glass on an expansion project for Defendant/Third-Party Plaintiff Marina District Development Company, LLC d/b/a Borgata Hotel Casino & Spa ("Borgata"). (*Id.*)

At the time of the accident, APG was a glazier subcontractor on the construction project and Regional Scaffolding & Hoisting Co., Inc. ("Regional Scaffolding") was the scaffolding subcontractor. Each of APG and Regional Scaffolding was required by Defendant Yates-Tishman, the general contractor for the project, to maintain general liability insurance (Selective's Mot. p. 5) Such insurance was also required to include coverage for Borgata and Yates-Tishman as additional insureds.[2]

In order to satisfy this requirement, APG entered into a commercial general liability policy with Selective (the "Selective Policy") and Regional Scaffolding entered into a commercial general liability policy with LIU (the "LIU Policy").[3]

Mazzoli, together with his wife, filed a Complaint in this Court on February 6, 2008, alleging negligence by Borgata and

---

[2] Additional insured are covered "only with respect to liability arising out of [the primary insured's] operations or premises owned by or rented to [the primary insured]." *Id.* at Exhibit A.

[3] Yates-Tishman was insured by Travelers Property Casualty Company of America ("Travelers"), and Borgata was self-insured.

Yates-Tishman.[4]  On May 14, 2008, Yates-Tishman filed a Third-Party Complaint against APG, Selective, Regional Scaffolding and LIU.  The Third-Party Complaint sought contractual indemnification from either or both APG and Regional Scaffolding, as well as coverage as an additional insured under either or both the Selective Policy and the LIU Policy.

In July 2008, LIU, Regional Scaffolding and Yates-Tishman settled their dispute, with LIU agreeing to assign counsel to defend Yates-Tishman in the underlying action and to prosecute third-party claims against Selective and APG.[5]  (*Id.* at 6) Pursuant to this agreement, Yates-Tishman's third-party complaint against LIU and Regional Scaffolding was dismissed.  (*Id.*)

On December 10, 2008, LIU accepted Borgata's tender of coverage claim for additional insured coverage under the LIU Policy.  (*Id.*)

On June 4, 2009, Selective wrote to LIU in an attempt to resolve Borgata and Yates-Tishman's Third-Party Complaint against itself and APG, its insured.  (Selective's Mot. p. 7) Selective

---

[4] Plaintiffs filed an Amended Complaint on March 23, 2009, naming Regional Scaffolding and Commerce Risk Services, Inc. ("Commerce Risk"), the site safety contractor for the project, as additional defendants.

[5] In the correspondence memorializing its acceptance, LIU wrote: "[LIU] accepts the defense of Yates-Tishman on a primary and non-contributory basis, however, we disclaim any duty to indemnify Yates-Tishman with respect to liability that does not arise out of Regional Scaffolding's operations. . . ."

offered to accept the tender for additional insurance coverage on behalf of Borgata and Yates-Tishman, and to share the defense and indemnity costs on a pro-rata basis with LIU.  (*Id.*)  This offer was rejected on July 15, 2009.  (*Id.*)

In response to this rejection, Selective filed a Fourth-Party Complaint on December 2, 2009, seeking a declaration that Selective, LIU, Travelers (Yates-Tishman's insurer) and Liberty Mutual Insurance Company (Commerce Risk's insurer) owe a co-primary duty to defend Borgata and Yates-Tishman, and that Selective, LIU, Travelers and LMIC owe a co-primary duty to indemnify Borgata and Yates-Tishman.

On January 15, 2010, LIU and Selective began negotiations of a settlement between them and their respective insureds.  The parties' accounts of these negotiations differ in significant ways.

Selective alleges it reached a formal settlement agreement with LIU in April 2010.  (*Id.* at 8) Under the terms of this alleged settlement, Selective would reimburse LIU for half of the defense costs already paid and Selective and LIU would split all costs going forward.   Under Selective's account, Selective then requested copies of the billing invoices of counsel in order to fulfill its obligation to reimburse half of the costs already paid.  (*Id.*) Selective alleges that it received those invoices in July 2010. (*Id.*) Selective eventually approved the amounts

reflected on the invoices in September 2010, and forwarded a stipulation of dismissal to LIU in October 2010.  (*Id.* at 9) This stipulation of dismissal was never signed.  (*Id.*)

Under LIU's account, Selective and LIU never entered into a settlement agreement in April 2010.  (LIU's Statement of Material Facts (LIU SOF) ¶ 14-16)  Although LIU admits that it provided the invoices to Selective, LIU claims that this was for purposes of negotiation only.  (*Id.*)

On April 29, 2010, Plaintiff's Amended Complaint against Regional Scaffolding was voluntarily dismissed with prejudice. (LIU SOF ¶ 17)  Following this dismissal, LIU notified all parties to the present action that it was withdrawing acceptance of the tender of defense and indemnity to Borgata and Yates-Tishman because Mazzoli's injuries could not have been found to have arisen out of the actions or operations of Regional Scaffolding as was required for additional insured coverage under the LIU Policy.  (*Id.*)

Selective filed its present Motion on November 12, 2010. Selective seeks a declaration that (1) LIU did not validly reserve its rights to disclaim coverage to Yates-Tishman and Borgata, (2) LIU is estopped from disclaiming such coverage, (3) LIU must immediately resume its duty to defend and indemnify Yates-Tishman and Borgata, (4) LIU is to share its duty to defend and indemnify Yates-Tishman and Borgata on an equal, one-half

8

basis of contribution with Selective, (5) LIU is bound to the alleged settlement agreement reached between itself and Selective, and (6) LIU must reimburse Selective for 50% of the attorneys' fees and costs incurred by Selective in its defense of Yates-Tishman and Borgata.

LIU filed its Motion on December 14, 2010.  LIU seeks a declaration that (a) LIU no longer has any obligation under the LIU Policy to defend Yates-Tishman or Borgata, (2) LIU is not estopped from withdrawing its defense of Yates-Tishman and Borgata, (3) there is no enforceable contract compelling LIU to defend Yates-Tishman or Borgata, (4) LIU may withdraw from defending Yates-Tishman and Borgata, (5) Selective was obligated to defend Yates-Tishman and Borgata with LIU during the period through and including June 2010, and (6) Selective is required to reimburse LIU for 50% of the defense and expert fees that LIU expended in defending Yates-Tishman and Borgata during the period through and including June 2010.[6]

## II.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[6] After the briefing of this matter was completed, Borgata was dismissed from this matter in full.  Therefore, any prospective relief sought in regard to the defense and indemnification of Borgata is moot.

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). "'With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'– that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'" *Conoshenti v. Public Serv. Elec. & Gas*, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting *Celotex*, 477 U.S. at 323). The role of the Court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## III.

### A.

Selective first argues that LIU should be estopped from withdrawing from the defense and indemnification of Yates-Tishman because LIU did not properly reserve its rights when it assumed the defense of Yates-Tishman. In opposition, LIU argues that estoppel is solely for the benefit of the insured, and Selective does not have standing to raise estoppel.

The questions before the Court are whether Selective has standing to invoke estoppel, and, if it does, is estoppel appropriate in the circumstances of this case.

It is a long-standing rule under New Jersey law that if an insurance carrier assumes the defense of an insured without properly reserving its rights to later disclaim coverage, that insurance carrier cannot later disclaim coverage to the insured. *See Merchants Indem. Corp. v. Eggleston*, 37 N.J. 114, 126 (1962). "Control of the defense is vitally connected with the obligation to pay the judgment." *Id.* at 127. For that reason, the New Jersey Supreme Court ruled that "it would be unfair to permit a carrier to control the defense without the consent of the insured and then leave the judgment for his payment." *Id.*

In the present case, though, it is not Yates-Tishman, the insured, that is seeking to estop LIU, the insurer, from disclaiming coverage. Instead, it is Selective, a co-insurer of Yates-Tishman with LIU, who is seeking to estop LIU from disclaiming coverage.

This is a novel issue which has not received much attention before. There is no binding precedent, and the case law is mixed. *See, e.g., General Fire & Casualty Co. v. Progressive Casualty Co.*, 799 P.2d 1113, 1117 (N.M. 1990)("The rule [of estoppel] does not operate to preclude a suit such as this whereby one insurer attempts to assert that another insurer

11

provided primary coverage."); *St. Paul Mercury Ins. Co. V. Lexington Ins. Co.*, 78 F.3d 202 (5th Cir. 1996)(Estoppel "is simply not intended to be applied to the relationship among insurers."); *Kitchnefsky v. National Rent-A-Fence of America*, 88 F.Supp.2d 360, 365 (D.N.J. 2000)(Estoppel is "focused upon the insured's need for protection").

At least two New Jersey courts have estopped an insurer from disclaiming coverage in favor of a co-insurer. In *Selective Ins. Co. v. Allstate Ins. Co.*, 2005 WL 3839975 (N.J.Super. App. Div. March 10, 2006), an insured tendered coverage to two different insurers: Selective and Allstate. *Id.* at *1. Selective assigned counsel to defend the insured, subject to a purported reservation of rights, and Allstate refused coverage. *Id.* Selective later attempted to disclaim coverage on the basis that the claim was not subject to coverage under Selective's policy, which in fact it was not. *Id.* Despite this, Allstate successfully moved the court to estop Selective from withdrawing from the defense of insured because Selective failed to properly reserve its rights. *Id.* at 10.

Similarly, in *Nazario v. Lobster House et al.*, 2009 WL 1181620 (N.J.Super. App. Div. May 5, 2009), an insured tendered coverage to two different insurers. *Id.* at *1. Each insurer assigned counsel to defend the insured while purportedly reserving rights. *Id.* Both of these attempts to reserve rights

12

were later found to be ineffective as a matter of law. *Id.* at *2. The insured's umbrella insurer then sought a declaration that both primary insurers were estopped from disclaiming coverage to the insured. *Id.* at *8. The trial court found that the primary insurers were estopped from disclaiming coverage because of the failed reservation of rights. *Id.*

The Court finds the result in those cases to be correct. It is clear that in certain instances, an insurer will have exerted so much control over a case that allowing it to disclaim coverage would be prejudicial to both the insured and other insurers of the insured. In such instances, the prejudice to the co-insurers would be so great that it would be appropriate for a court to estop the insurer from disclaiming coverage.

The question then becomes what are the necessary elements for an insurer to estop a disclaiming co-insurer. In New Jersey, an insured may invoke estoppel against a disclaiming insurer so long as the insurer did not properly reserve its rights - the insured does not have the burden of proving prejudice. In *Eggleston*, the New Jersey Supreme Court noted that "prejudice is an essential ingredient" in estoppel, but did not reach the question of whether the insured bears the burden of proving prejudice. *Id.* at 130. Later case law, though, clarifies that an insured enjoys a presumption of prejudice when an insurer controls the defense of a claim. *See Sneed v. Concord Ins. Co.*,

98 N.J. Super. 306, 318 (App.Div. 1967)("[A]n insurer's taking over of control of investigation and negotiations for settlement of the claim, and consequent exclusion of the insured therefrom, for a substantial period of time, invades valuable rights of the insured and should evoke a presumption of prejudice. . . ."); *Griggs v. Bertram*, 88 N.J. 347, 359 (N.J. 1982)(A presumption of prejudice is appropriate when "a material encroachment upon the rights of an insured to protect itself by handling the claim directly and independently of the insurer, then prejudice to those rights should be presumed.").

Selective urges us to adopt a presumption of prejudice in the present case.  This argument, though, fails to recognize that insurers are in significantly different positions *viz a viz* the disclaiming co- insurer than is the insured.  There is no reason to presume that the control of a claim by a co-insurer is a "material encroachment upon the rights" of an insurer, nor must we presume that there is a "resultant inequity."  Often, the interests of co-insurers will be aligned. In addition, insurers are free to seek contractual protection from other insurers.  For these reasons, the Court will not presume that Selective was prejudiced by LIU's control of the defense of Yates-Tishamn, but instead will examine whether Selective suffered actual prejudice.

The Court finds that Selective has not made an adequate showing of prejudice to invoke estoppel against LIU.  The

14

underlying litigation is still ongoing, a trial date has not been set in the matter, and no settlements have been made.  Yates-Tishman's defense is controlled by counsel selected by Selective, and Selective has not shown that previous counsel was deficient in any way.[7]   In sum, Selective has not presented any evidence to the Court that its position was in any way harmed by LIU's control of the litigation.

Because Selective has not made an adequate showing of prejudice, LIU will not be estopped from withdrawing from the defense and indemnification of Yates-Tishman.  Selective's motion for summary judgment as to estoppel will be denied, and LIU's motion for summary judgment as to estoppel will be granted.

**B.**

Selective next seeks a declaration that LIU is bound to the terms of the settlement agreement reached between LIU and Selective, and that LIU must contribute 50% towards the costs of defending Borgata and Yates-Tishman going forward.  LIU, in turn, seeks a declaration that there is no enforceable contract compelling LIU to defend Borgata and Yates-Tishman.  The Court will deny both motions as there is a dispute of material fact as to whether a contract existed.

A settlement agreement is a contract between the parties,

---

[7] Quite to the contrary, the settlement agreement that Selective argues was entered into between LIU and Selective ratifies LIU's previous selection of counsel for Yates-Tishman.

and traditional contract law applies to their interpretation. *See New Jersey Mfrs. V. O'Connell*, 300 N.J. Super 1, 7 (App. Div. 1997).  Only when parties agree on the essential terms and manifest an intention to be bound by such terms is an enforceable contract created.  *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435 (1992).

For the purposes of the present motions, the Court must construe the facts and inferences in the light most favorable to the opposing party in considering whether the parties entered into a settlement agreement.  In response to LIU's argument that there was no settlement agreement, Selective has presented credible evidence from which a reasonable factfinder could infer that the parties did enter into a settlement agreement.  In response to Selective's argument that there was a settlement agreement, LIU has presented credible evidence from which a reasonable factfinder could infer that there was no such settlement agreement.  Put succinctly, there is a material dispute of fact concerning the existence of a settlement agreement.  Summary judgment is inappropriate when such disputes of material fact exist, and both parties' motions for summary judgment will be denied as to this issue.

## IV.

For the reasons set forth above, Selective's Motion for Summary Judgment will be denied in full.  LIU's Motion for

16

Summary Judgment will be denied as to the question of the
settlement agreement, and will be granted as to estoppel. An
appropriate Order accompanies this Opinion.


Dated: April 11, 2011

                                   s/ Joseph E. Irenas
                                  **JOSEPH E. IRENAS, S.U.S.D.J.**

17